SAPP, constable, *et al. v.* THOMAS.

No. 10916. OCTOBER 19, 1935.

*Hatcher & Hatcher,* for plaintiffs in error.

R. *Earl Camp,* contra.

GILBERT, Justice. This is a suit by Julia Thomas to enjoin a dispossessory proceeding. She alleges that a dispossessory warrant was sworn out by George E. Outler; that she has never been a tenant of Outler or of any one under whom he claimed; that there has never been any relationship of landlord and tenant between them; that Outler claims under a different grantor; and that his deed is a cloud on her title. She does not allege that the eviction proceeding was against her. She prays that the constable holding the dispossessory warrant be enjoined from executing the same; that Outler be enjoined from molesting her or disturbing her possession; and that his deed be canceled. She alleges that she holds title to the premises under a quitclaim deed made to her by the Interstate Bond Company which held the property by reason of having purchased the same at a tax sale; and that she has paid the sum of $94.46, the amount which was required to redeem the property from the tax sale. She does not allege that she held any title or interest other than under the quitclaim deed aforesaid. It is therefore to be assumed that her whole claim of title rests upon that deed. The defendant alleges that he is the owner in fee simple, having bought the property from Mrs. Doyle Knight, and holds the same under a warranty deed which appears in the record. He alleges that he entered into a contract of rental with Frank Thomas, the husband of petitioner, and that, the latter having failed to pay his rent, the dispossessory warrant was sworn out against him. He further alleges that Frank Thomas formerly owned the property; that he executed a security deed to Doyle Knight; that the same was foreclosed, and that Mrs. Doyle Knight became the purchaser; that on January 19, 1934, Mrs. Knight sold the property to him and executed to him the warranty deed aforesaid; that the 1929 and 1930 taxes were outstanding against Frank Thomas, the fi. fas. being transferred to the Interstate Bond Company; that Mrs. Knight paid to the Interstate Bond Company the sum of $94.46, the amount required to redeem the property, and although directed to make the quitclaim deed to Mrs. Knight it was made by mistake to the petitioner; that the petitioner has

paid no taxes; and that her deed is without consideration. Both the petitioner and the defendant prayed that the other's deed be canceled as a cloud upon the respective title. The jury found for the petitioner. The defendant filed a motion for a new trial on the general grounds only, and the exception is to the judgment overruling that motion.

It is a reasonable inference from the evidence that Frank Thomas and his wife, the petitioner, occupied the property in Dublin, Ga., at the time it was sold for taxes and until the time of the trial of this case. The dispossessory warrant was not in evidence, and therefore it can not be determined who was named as the defendant. The petitioner testifies that she received the quitclaim deed through the mail, it being dated February 3, 1934, executed in Fulton County by the Interstate Bond Company. Her title rests upon that deed. She testified that she paid the sum of $94.46 to Judge G. C. Bidgood, attorney and agent for the Interstate Bond Company, to redeem the property held by them under tax deeds, that he promised that she "would receive the deed in a few days," and that she did not obtain any receipt for the money. The foreclosure proceedings are not in evidence, nor is the alleged sheriff's deed to Mrs. Knight. Neither are the tax fi. fas. in evidence. The sheriff's tax deeds to the Interstate Bond Company show that that officer was making the deeds for Frank Thomas, and it may be assumed that the title of Frank Thomas was conveyed. Thus we have a contest between two deeds, the petitioner's quitclaim deed, dated February 3, 1934, from Interstate Bond Company which held under two tax deeds, dated August 2, 1932, and May 2, 1933, respectively, and Outler's warranty deed, dated January 19, 1934. The petitioner's deed is attacked on the ground of no consideration, and also on the ground that it was executed to her by mistake, and therefore is void. According to the evidence, Judge Bidgood, a witness for the petitioner, swore unequivocally that she did not pay to him, as she testified, $94.46; and that he did not agree to have the property quitclaimed to her by the Interstate Bond Company. He also swore without contradiction that Mrs. Knight did pay to him the sum of $94.46, the amount due the Interstate Bond Company, with the agreement that the said company deed her the property, payment having been made as shown by a canceled check, dated January 24, 1934, indorsed by

him and by A. L. Hatcher who was acting for Mrs. Knight. Judge Bidgood also swore without contradiction that on receipt of the money from Mrs. Knight he instructed his stenographer to remit the amount to the Interstate Bond Company, with instructions to make the deed to Mrs. Doyle Knight, but that by mistake the stenographer instructed the Interstate Bond Company to make the deed to "Mrs. Frank Thomas." Neither the Interstate Bond Company, the grantor in the quitclaim deed to petitioner, nor Mrs. Doyle Knight, the grantor in the warranty deed to George E. Outler, is a party to the suit. Nevertheless both the petition and the answer pray for cancellation of the adversary's deed. Neither deed can be canceled without making the grantor a party to the suit. For that reason the verdict can not stand. Moreover, the uncontradicted evidence shows that the deed of Interstate Bond Company to petitioner was made by mistake and was unauthorized. It is not alleged, nor was it proved, that the dispossessory warrant was issued against the petitioner. The brief of evidence is conspicuous by the absence of evidence on both sides of the case, necessary to make clear what are the facts of the case. Such lack of evidence creates difficulty where none should exist. The evidence to sustain the verdict being insufficient, the judgment overruling the motion for a new trial must be reversed.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness.*